IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN HURT § | |
| § | |
| v. § | NO. 4:25-CV-00555-SDJ-BD |
| § | |
| COMENITY CAPITAL BANK § | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff John Hurt filed a proposed second amended complaint without the court's leave or the defendant's consent. Dkt. 17. Defendant Comenity Capital Bank moved to strike it. Dkt. 20; *see* Dkt. 22 (response). Hurt then filed a motion for leave to file the second amended complaint, Dkt. 23, to which Comenity did not respond.

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint once as a matter of course no later than 21 days after service of a responsive pleading or a Rule 12 motion. After that, the plaintiff may amend only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court must "freely give leave [to amend] when justice so requires." *Id.* The court may deny leave to amend when any of five factors is present: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023).

Hurt's motion for leave to amend argues that the proposed amendment does not introduce any new causes of action but only clarifies claims already raised and that there is no undue delay, bad faith, dilatory motive, or undue prejudice to Comenity. Comenity's motion to strike the amended complaint argues that it was filed without the court's leave or the opposing party's consent, as required by Rule 15. Hurt's response to that motion raises the same arguments as his motion for leave, which he filed the same day.

The court finds that none of the five factors is present and leave to amend the complaint should be granted.

It is **ORDERED** that:

1) the motion for leave to amend, Dkt. 23, is **GRANTED**;

2) the second amended complaint, Dkt. 17, is now the operative complaint;

3) the motion to strike the second amended complaint, Dkt. 20, is **DENIED**; and

4) the plaintiff is advised that further amendments may not be permitted.

So **ORDERED** and **SIGNED** this 21st day of July, 2025.

_____
Bill Davis
United States Magistrate Judge