**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JOHN HURT** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00555-SDJ-BD** |
| | § | |
| **COMENITY CAPITAL BANK** | § | |

**MEMORDANDUM OPINION AND ORDER**

In this credit-card billing dispute, the court granted a motion to compel arbitration and stayed the case pending that arbitration. Dkt. 45. Pro se plaintiff John Hurt moved to lift the stay, Dkt. 46; *see* Dkt. 47 (response), and defendant Comenity Capital Bank moved to set a deadline for Hurt to initiate arbitration, Dkt. 49; *see* Dkt. 50 (response). The court will deny the motion to lift the stay and grant the motion to set a deadline.

**A. Hurt's Motion to Lift the Stay**

Hurt argues that he lacked the capacity to assent to the agreement that included the arbitration clause and asks the court to allow discovery and hold a hearing on the matter. Dkt. 46 at 2, 5. Comenity opposes the motion, arguing that it is an improper request for reconsideration because the court has already decided Hurt's capacity and that Hurt has forfeited any new arguments on that point. Dkt. 47 at 2–5. Comenity also argues that Hurt's challenge to the validity of the contract should be decided by the arbitrator. *Id.* at 5–6. Finally, Comenity argues that, if the court reaches the question of Hurt's capacity, Hurt has not shown that he lacked capacity to enter the agreement that included the arbitration clause. *Id.* at 6–10.

Because the motion to lift the stay challenges the court's order granting the motion to compel arbitration and staying the case, Dkt. 45 (memorandum adopting recommendation of the magistrate judge); *see* Dkt. 41 (order and report and recommendation), it is properly construed as a motion for reconsideration.

Federal Rule of Civil Procedure 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the court to "revise[] at any time" "any order or other decision . . . [that]

does not end the action." Fed. R. Civ. P. 54(b); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quotation marks omitted).

Hurt's motion presents no sufficient reason to alter the order compelling arbitration and staying this case pending arbitration. Hurt has already argued that he lacked capacity to enter the agreement, and the court has considered and rejected that argument. Dkt. 41 at 7 (order and report and recommendation ). Hurt objected to the court's conclusion regarding his capacity, and those objections were carefully considered and rejected. Dkts. 42 at 3–5 (objection), 43 (unauthorized second objection), 45 (memorandum adopting recommendation of the magistrate judge). Indeed, Hurt acknowledges that the court considered his argument in its earlier rulings. *See* Dkt. 50 at 1–4. Nothing in Hurt's motion to lift the stay, Dkt. 46, warrants reconsideration of those rulings.

**B. Comenity's Motion to Set a Deadline**

Comenity points out that Hurt has not initiated arbitration in the nine months since the court granted the motion to compel and stayed the case and asks the court to set a deadline for him to do so. Dkt. 49 at 2. Hurt filed a response asking that, among alternatives, the court give him 30 days from an order denying his motion to lift the stay to initiate arbitration proceedings. Dkt. 50 at 7.

* * *

It is **ORDERED** that the motion to lift the stay, Dkt. 46, is **DENIED** and that the motion to set a deadline, Dkt. 49, is **GRANTED**. Hurt must initiate arbitration of his claims against Comenity within 30 days of the docketing of this order. Failure to do so may result in a recommendation that this case be dismissed for failure to comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *see also* Fed. R. Civ. P. 41(b).

So **ORDERED** and **SIGNED** this 30th day of October, 2026.

Bill Davis
United States Magistrate Judge