**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN HURT, Plaintiff | § | |
| v. | § | Civil Action No. 4:25-cv-00555-SDJ-BD |
| COMENITY CAPITAL BANK, Defendant | § | |

**PLAINTIFF'S CONDITIONAL MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE WITHOUT FEES OR COSTS UNDER RULE 41(a)(2)**

Plaintiff John Hurt, proceeding pro se, respectfully moves for a limited modification of the stay to permit consideration of this motion and for voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2), expressly conditioned on no award of attorney's fees, taxable costs, expenses, reimbursement, or monetary sanctions against Plaintiff. Plaintiff does not request or consent to unconditional dismissal.

## I. ISSUES TO BE DECIDED

Whether the Court should dismiss the existing claims with prejudice, with each party bearing its own fees and costs, or permit Plaintiff to withdraw this motion before dismissal on other terms.

## II. RELEVANT PROCEDURAL BACKGROUND

1. Comenity removed this consumer credit dispute from Collin County Justice Court on May 27, 2025 (Dkt. 1), answered Plaintiff's operative Second Amended Complaint (Dkts. 17, 26, 28), and renewed its motion to compel arbitration (Dkt. 30). The Court granted that motion and stayed the case (Dkt. 45). On October 30, 2026, the Court ordered Plaintiff to initiate arbitration within 30 days of docketing (Dkt. 51). The resulting deadline is November 30, 2026, under Rule 6(a).

2. On November 18, 2026, Plaintiff moved for an extension based on financial hardship (Dkt. 52 and supporting declaration). Comenity's counsel has stated that Comenity intends to

seek attorney's fees under 15 U.S.C. § 1681n. See Dkt. 52 at 2; Dkt. 53-1. No agreement for a fee-free dismissal has been reached.

3. On November 26, 2026, Plaintiff submitted a signed hardship waiver affidavit to the American Arbitration Association (AAA) at approximately 8:26 a.m. Central Time and separately submitted his arbitration demand and supporting documents at approximately 8:30 a.m., copying counsel for Comenity. Plaintiff requested expedited processing and confirmation of filing, as documented in his separate status notice and supporting correspondence. AAA's acceptance and fee waiver have not been confirmed.

## III. BASIS FOR THE CONDITIONAL REQUEST

4. Plaintiff's immediate objective is protecting his credit and avoiding additional financial liability rather than recovering money. To the best of his present knowledge, Comenity is not currently furnishing the disputed account to the consumer reporting agencies. Plaintiff is willing to forgo recovery on the existing claims if the Court allows dismissal without an assessment against him. Plaintiff understands that dismissal itself would not cancel a debt or guarantee continued non-reporting. No merits or credit-reporting injunction is sought through this motion.

5. Plaintiff's resources are limited, as explained in his November 18 hardship declaration (Dkt. 52-1). His present household income consists of disability benefits. He seeks to minimize expense and resolve this controversy, without conceding that his claims were meritless or brought in bad faith.

6. Because Comenity has answered, Plaintiff seeks an order under Rule 41(a)(2), not dismissal as of right. Rule 41(a)(2) permits dismissal on terms the Court considers proper. The Fifth Circuit recognizes that a plaintiff may timely withdraw a request for voluntary dismissal rather than accept onerous conditions. Mortgage Guar. Ins. Corp. v. Richard Carlyon Co., 904

F.2d 298, 301 (5th Cir. 1990). Plaintiff requests notice of any proposed adverse conditions and a reasonable opportunity to withdraw before entry of dismissal.

7. Plaintiff recognizes the presumption favoring taxable costs under Rule 54(d)(1). That rule also permits a court to order otherwise. Pacheco v. Mineta, 448 F.3d 783, 793–95 (5th Cir. 2006), discusses reasons for denying costs and holds that good faith alone is insufficient. Plaintiff relies on the combination of his limited resources, his asserted good faith, the underlying consumer dispute, his efforts to comply with the arbitration orders, and the finality afforded by dismissal with prejudice. Plaintiff requests an express determination that each party shall bear its own costs, rather than silence on the issue.

8. Under 15 U.S.C. §§ 1681n(c) and 1681o(b), an award of attorney's fees to a prevailing party based on an unsuccessful filing requires the specified finding of bad faith or harassment. Plaintiff disputes any such allegation and does not concede any basis for fees or sanctions. If Comenity seeks fees or other monetary relief in connection with dismissal, Plaintiff requests an opportunity to respond and a determination of that issue before any conditional dismissal becomes effective.

## IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court: (a) modify the stay only as necessary to consider this motion; (b) dismiss the existing claims with prejudice under Rule 41(a)(2), without awarding fees, taxable costs, expenses, reimbursement, or monetary sanctions against Plaintiff, and direct each party to bear its own fees and costs; (c) terminate the obligation to pursue arbitration under Dkts. 45 and 51 upon entry of such a dismissal; and (d) if the Court contemplates any monetary assessment against Plaintiff or other materially different terms, deny this motion without prejudice or provide notice and at least 14 days to withdraw it before entering dismissal.

If the motion cannot be resolved before the existing arbitration deadline, Plaintiff requests expedited consideration of Dkt. 52 and the limited extension sought therein. Plaintiff is not withdrawing Dkt. 52 or the submitted arbitration demand at this time. The present motion does not independently extend the deadline, and Plaintiff will continue to comply with the Court's orders unless modified.

Plaintiff recognizes the preclusive effect of dismissal with prejudice. This motion is not acceptance of any private settlement, a general release of independently actionable future conduct, a request to reconsider arbitration, or a request to waive AAA's private fees.

**VERIFICATION OF FACTUAL STATEMENTS**

I declare under penalty of perjury under 28 U.S.C. § 1746 that the factual statements concerning my submissions to AAA, current financial circumstances, and present knowledge of credit reporting in paragraphs 3–5 above are true and correct to the best of my personal knowledge. Executed on November 26, 2026.

Respectfully submitted, November 26, 2026
/s/ John Hurt
John Hurt, Plaintiff, Pro Se
3868 Wintergreen Drive
Plano, Texas 75074
505-289-4599 | mustang4021@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 26, 2026, this motion and its proposed order are being filed through CM/ECF, which will transmit notice to registered counsel of record for Comenity Capital Bank.
/s/ John Hurt